(60 App. Div. 590.)

### GABLER v. McCHESNEY. (No. 2.)

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

SHIPPING—DEMURRAGE—DETENTION OF CANAL BOAT—BREAK IN CANAL.

    A contract of shipment, making the consignee liable for demurrage in a certain sum per day for failure to unload a canal boat in a given time, does not authorize a recovery for the time after the boat was unloaded in which it was detained in the canal, though the vessel was not unloaded within the period allowed therefor, and the break in the canal did not occur until the expiration of such time.

Appeal from special term, Oneida county.

Action by George L. Gabler against George H. McChesney to recover certain demurrage. From a judgment in favor of plaintiff, defendant appeals. Judgment affirmed on condition that plaintiff remit a certain amount of the recovery; otherwise, reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

F. B. Gill, for appellant.
James B. Jenkins, for respondent.

ADAMS, P. J. This action arose out of the same transactions referred to in a former action between the same parties (action No. 1), and the stipulated facts are substantially the same, with this exception: The plaintiff's boats remained at the point where they were taken by the superintendent of public works until the opening of navigation in the spring of 1898, when they were returned to the defendant's dock. They reached the dock on the 9th day of May, and were unloaded before noon on the 14th day of that month. In the meantime, and upon the 12th day of May, there was a break in the Erie Canal; and navigation was, in consequence thereof, suspended until the 24th day of May, upon which date the boats left the defendant's dock. The present action was commenced on the 20th day of June, 1898, and judgment was demanded for demurrage amounting to the sum of $800. The trial court refused to allow any portion of this demand for demurrage accruing prior to the 9th day of May, when the boats were returned to the defendant's dock, and as to such refusal no exception is taken by the plaintiff. But demurrage was allowed at the rate of $5 per day for each boat from the 9th until the 24th day of May, the day the break in the canal was repaired. As already stated, the unloading of the boats was completed on the 14th day of May, at which time the defendant's liability for demurrage under the contracts terminated, and whatever detention occurred subsequent to that date was the result of a cause for which the defendant was in no wise responsible. Had there been sufficient water in the Syracuse level to have floated the plaintiff's boats on the 15th day of May, it is reasonable to assume

that he would have taken advantage of it; and, had he done so, of course, it would not be claimed that he would have been entitled to demurrage for that of any subsequent day. Upon what principle, therefore, it can be successfully contended that, because there was not sufficient water to float the plaintiff's boats, the defendant is liable under his contracts, we confess ourselves unable to discover. It appeared in the other action that the defendant had availed himself of the three-day privilege under his contracts prior to the 9th day of May, 1898, and consequently he was doubtless liable to pay demurrage for every day occupied in unloading the boats after they were returned to his dock. As we have seen, five days were consumed by the defendant in the process of unloading, and for that period of time, but for no longer, we think the plaintiff is entitled to recover at the contract rate; and, unless he is willing to accept that sum, there must be a new trial of the action.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, unless plaintiff consents to modify the judgment appealed from by reducing the amount of his recovery to $50, with interest thereon from the 20th day of June, 1898, in which event the judgment as thus modified is affirmed, without costs of this appeal to either party. All concur.